HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDGAR L. HANSON,

                Plaintiff,

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et
al.,

                Defendants.

CASE NO. C12-5995 RBL

ORDER DENYING MOTION FOR
EMERGENCY TRO

[DKT. #12]

THIS MATTER is before the Court on Plaintiff Hanson's Emergency Motion for Order
Restraining Trustees Sale [Dkt. #12]. Hanson seeks to prevent a Trustees sale scheduled for
December 14.

This is the second case filed by Mr. Hanson in connection with his default and his
lender's efforts to foreclose on his Clark County home. The prior case, 11-5287RBL, similarly
included a series of Emergency TROs [*See*, for example, Dkt. #s 17 and 27 in the prior case].
Virtually all of Hanson's claims in the prior case are reasserted in this case, and three of the
primary Defendants in this case —US Bank, Northwest Trustee Services and MERS—were the
Defendants in the prior case.

1    This Court denied Hanson's Emergency Motions for a TRO [Dkt. #32] in the first case,

2 and granted the Defendants' Motions to Dismiss the case with prejudice [Dkt. #42].  Because

3 none of Hanson's filings in the new case even reference the prior case, it is not entirely clear

4 which (if any) of the various claims outlined in his 55 page Amended Complaint[1] [Dkt. #7] arose

5 since that dismissal.   It is clear, however, that many of the factual bases for the claims outlined

6 in that document pre-date the Court's Order of Dismissal, and were included in the prior case.

7    The primary additions to Hanson's claims appear to relate to allegations of "robo-

8 signing" and claimed irregularities in the process under which the foreclosure process was

9 reinstituted after the prior dismissal.

10    Hanson now seeks to restrain the impending trustees sale [Dkt. #12].  He claims primarily

11 that MERS is not fit to be a beneficiary under *Bain v. Metropolitan Mortgage Grp., Inc.*, 175

12 Wn.2d 83 (2012), and that as a result, the entire foreclosure process is defective.  Defendants

13 oppose the TRO, arguing that Plaintiffs' claims are barred by *res judicata* and collateral estoppel,

14 that he cannot meet the requirements for injunctive relief, and that his MERS-is-a-defective-

15 beneficiary claim is unsupported by the *Bain* decision upon which it relies.

16    The purpose of a TRO is "preserving the status quo and preventing irreparable harm just

17 so long as is necessary to hold a hearing [on the preliminary injunction application], and no

18 longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415

19 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir.

20 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a

21 likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in

22 _____

23    [1] In an unusual turn of events, Hanson served but did not file his initial Complaint, which
invoked the jurisdiction of the Clark County Superior Court.  Defendants demanded that he file

24 it, he did not, and they removed it to this Court, claiming diversity of citizenship jurisdiction.

- 2

1   the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving

2   party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*

3   *Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

4        Traditionally, injunctive relief was also appropriate under an alternative "sliding scale"

5   test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth

6   Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*.

7   *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)

8   (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer

9   controlling, or even viable").

10        Even if the Court assumes, without deciding, that Plaintiff Hansen can establish the

11   element of irreparable harm if he loses his property to foreclosure, in order to restrain the sale,

12   Hansen must establish[2] that he is likely to succeed on the merits, that the balance of equities tips

13   in his favor, and that injunctive relief is in the public interest. This is a burden he cannot meet.

14        Hanson has little chance of success on the merits of this second action, at least as it

15   relates to enjoining the foreclosure. First, he has already raised most of these claims, and they

16   have been rejected. Hanson failed to appeal the orders denying his first TRO effort and

17   dismissing these claims with prejudice. They are facially barred by res judicata.

18   Res judicata, also known as claim preclusion, bars litigation in a subsequent action of

19   any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser*

20   *Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting Western Radio Servs.*

21

22
23
24

---

[2] Defendants also point out that Hanson would have to post a bond in the event of an injunction. They argue that RCW 61.24.130 requires him to make periodic payments of principal, interest, and reserves to the clerk of the court—payments that he has apparently failed to make since 2009.

1    *Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997)).  The doctrine is applicable whenever

2    there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity

3    between parties."  *Id.*  All of these elements are present here, and it appears that most of

4    Hanson's claims are subject to dismissal on that basis.  Hanson has not demonstrated that any

5    new claims support an injunction.

6          Second, Hanson is simply wrong about the impact of *Bain* on foreclosure cases involving

7    MERS.  *Bain* made clear that the mere presence of MERS in a deed of trust transaction does not

8    render that transaction (or subsequent foreclosure proceedings) improper *per se*.   Instead, the

9    loan purchaser must establish its ownership, either by demonstrating that it holds the Note or by

10   documenting the chain of transactions.  *Bain*, 175 Wn.2d at 111. Defendants correctly assert that

11   they have done so here, and US Bank is authorized to foreclose.   Hanson has not met his burden

12   of demonstrating a likelihood of success on the merits.

13          Nor do the balance of equities tip in Hanson's favor.  He has not paid on his note since

14   2009.  He raises, for the second time, a series of dubious technical defenses to the foreclosure,

15   claiming that although he has not repaid the loan he promised to repay, some unilateral failure on

16   the Defendants' part should discharge him from that obligation.   He does not directly address

17   this element in his Motion, but appears to contend that what he claims is a 940 day delay in the

18   foreclosure proceedings (time when he lived in the home without repaying the loan) is an

19   equitable factor in his favor.  It is not.

20          The final factor is the public interest.  While it is true that the public has an interest in

21   ensuring that foreclosures are done properly, Hanson has made no showing whatsoever that any

22   impropriety occurred in this case.  On the other hand, it is abundantly clear that the public has a

23   broad interest in resolving the unfortunately vast array of in-default loans adversely affecting

24

1  home values and banks throughout the country.   Enjoining facially legitimate foreclosure sales

2  is not in the public interest; in fact, just the opposite is true.

3          Plaintiff's Emergency Motion for an Order Restraining Trustees Sale [Dkt. #12] is

4  DENIED.

5          IT IS SO ORDERED.

6          Dated this 13th day of December, 2012.

7

8                                                              _____

9                                                              Ronald B. Leighton
                                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24